BONNIE MAE KRAUSE-KAPALCZYNSKI,

        Plaintiff,

                                Case No. 26-cv-1200-bhl

    v.

THE UNITED STATES OF AMERICA,
FRANK J BISIGNANO and
ROBERT F KENNEDY, JR,

        Defendants.

---

## SCREENING ORDER

---

On July 9, 2026, Plaintiff Bonnie Mae Krause-Kapalczynski, proceeding without an attorney, filed a host of different documents, including a "Verified Complaint," captioned as an "EMERGENCY PETITION FOR A WRIT OF MANDAMUS (28 U.S.C.§1361), COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (5 U.S.C. §706), MOTION FOR A TEMPORARY RESTRAINING ORDER, AND OBJECTION TO UNLAWFUL BENEFIT TERMINATION." (ECF No. 1.) The complaint names the United States of America, Frank Bisignano, the Commissioner of the Social Security Administration (SSA), and Robert F. Kennedy, Jr., the Secretary of Health and Human Services as defendants. (*Id*.) Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 4.) The docket shows another fourteen motions, (ECF Nos. 8, 9, 13, 16, 17, 20, 25, 26, 27, 30, 31, 32, 33, & 34), that Plaintiff filed on either July 9 or 13, 2026, along with more than twenty additional filings. All of Plaintiff's filings are long, difficult-to-follow, and appear to have been generated using Artificial Intelligence (AI).

Plaintiff's IFP motion will be denied because she has not provided evidence establishing her indigence. Her complaint will be dismissed because it is the opposite of a short, plain statement of her claims, as required by Federal Rule of Civil Procedure 8(a). Plaintiff's other miscellaneous motions will be denied as moot. Because she is proceeding without counsel, the Court will allow Plaintiff 14 days to file an amended complaint, using the Court's form for *pro se* litigants. Plaintiff

is cautioned to use the form to describe in simple terms the basis for her claims. She should also refrain from flooding the docket with other unnecessary motions and filings. If Plaintiff does not comply with the Court's instructions, her case will be dismissed.

## IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Plaintiff's motion and affidavit do not provide sufficient information about her financial situation to grant her leave to proceed IFP. (ECF Nos 4 & 5.) Her affidavit states that she receives monthly supplemental security income benefits of $994 per month but that her benefits will be discontinued as of July 1, 2026. (ECF No. 5 at 1.) Plaintiff states that the Social Security Administration has already determined her status as "indigent and disabled." (*Id.* at 1 (citing ECF No. 7).) Plaintiff cites a document, that she prepared, titled "Notice of Administrative Finality Regarding SSI Status" in which she asserts that "[a]ny discovery requests seeking Plaintiff's financial records, bank statements, or asset disclosures, or alike are redundant, irrelevant" and an undue burden under Rule 26(c). (ECF No. 7 at 1.) Plaintiff further asks that the Court take judicial notice of her indigency. (*Id.* at 2.) This is improper and the Court will not do so. Accordingly, Plaintiff's motion to proceed IFP is denied without prejudice because she has not sufficiently described her assets or financial situation in an affidavit. *See* 28 U.S.C. §1915(a)(1); *see also Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980). While she may receive public benefits, that does not necessarily render her indigent for the purposes of proceeding IFP. Plaintiff may renew her request to proceed IFP. The Court strongly suggests that Plaintiff use the form provided on the Eastern District of Wisconsin Court Website, available at www.wied.uscourts.gov/forms/request-proceed-district-court-without-prepaying-filing-fee, as a guide if she prepares a second motion to proceed IFP.

## SCREENING PLAINTIFF'S COMPLAINT

Because Plaintiff is proceeding *pro se* and is seeking to proceed IFP, the Court will screen her complaint. (ECF No. 4); 28 U.S.C. §1915(e)(2). Plaintiff's complaint violates the basic rule in Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Every allegation "must be simple, concise, and direct." *Id.* 8(d)(1). Length alone will not justify a dismissal under Rule 8. *Sanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). At the same time, "[l]ength may make a

complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Courts may dismiss complaints that are unintelligible. *Id.* (citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

Plaintiff's complaint is incomprehensible and does not provide notice to the Court or Defendants of what claims Plaintiff intends to bring. Plaintiff's complaint is 167 pages long (508 pages long including its attached documents). It begins with a description of Plaintiff's medical history. (*Id.* at 2–11.) Plaintiff next includes pages of charts that appear related to vocational assessments. (*Id.* at 11–19.) She follows that with text describing her legal arguments and multiple charts without explanation. (*Id.* at 19–33.) The rest of the complaint is legal argument that appears to be generated using AI, interspersed with descriptions of Plaintiff's medical conditions, descriptions of cases, and her anticipation of Defendants' potential arguments. It is not clear what claims Plaintiff intends to bring; she describes seven to eight claims inconsistently in her complaint, (*Id.* at 90–134), but, in her later motions, references the existence of approximately 1,000 distinct claims involving multiple agencies, (ECF No. 13 at 1).

The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend her complaint, unless amendment would be futile. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). The Court will grant Plaintiff leave to amend. A complaint should read like a narrative being told to someone who does not know what happened. It should specify when and where the relevant events occurred and explain what happened. It does not need to include citations to cases. The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede her prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is not received by August 5, 2026, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c). The Court's form for amended complaints for pro se litigants is available at www.wied.uscourts.gov/forms/amended-complaint-non-prisoner.

Plaintiff has also filed fourteen motions, including multiple motions seeking temporary restraining orders, a motion to stay the case, a motion for a protective order, two motions seeking to appoint "Co-Special Masters," and two motions to compel production of the administrative record, among others. (ECF Nos. 8, 9, 13, 16, 17, 20, 25, 26, 27, 30, 31, 32, 33, & 34.) These

motions are also verbose. Many make little sense at this stage in litigation, like motions to appoint special masters (ECF Nos. 9 & 13), or appear contradictory, like a motion to stay and a "request for immediate 7-day adjudication", (ECF Nos. 20 & 26). The Court will deny all these motions as moot, as there is no longer an operative complaint in this case. The Court will also caution Plaintiff that rapidly filing multiple motions will not lead to a faster adjudication of her claims, if she even has any claims that merit relief. If Plaintiff persists in filing repetitive motions, she may be subject to sanctions, including dismissal of her case, filing restrictions, or monetary fines.

Accordingly,

I**T IS HEREBY ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudic**e. If Plaintiff wishes to proceed with this lawsuit, she must file an amended complaint on or before **August 5, 2026**. If the Court does not receive Plaintiff's amended complaint by that date, it will dismiss the case for failure to state a claim and for Plaintiff's failure to prosecute pursuant to Civil Local Rule 41(c).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed IFP, ECF No. 4, is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions, ECF Nos. 8, 9, 13, 16, 17, 20, 25, 26, 27, 30, 31, 32, 33, & 34, are **DENIED as moot**.

Dated at Milwaukee, Wisconsin, on July 22, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge